IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT F. BERRY and BEVERLY BERRY, | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | :  CA 11-0618-KD-C |
| | : |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., etc., et al., | : |
| | : |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the notice of removal (Doc. 1), the *pro se* plaintiffs' motion to remand (Doc. 11), and the defendants' response in opposition (Doc. 19). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **DENY** plaintiffs' motion to remand (Doc. 11).

**FINDINGS OF FACT**

On September 27, 2011, plaintiffs Robert F. and Beverly Berry filed a *pro se* complaint in the Circuit Court of Baldwin County, Alabama, against Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loans Servicing, LP ("BAC"), Countrywide Home Loans Servicing, LP ("Countrywide"), and Deutsche Bank National Trust Company ("Deutsche Bank"). (Doc. 1, Exhibit A.) The complaint

1

alleged that defendant Deutsche Bank was foreclosing on certain real property owned by plaintiffs at 448 Clubhouse Drive, in Fairhope, Alabama, but had failed, along with defendants MERS and Bank of America, to comply with state non-judicial foreclosure sale procedures; that the legal requirements set forth in § 35-10-3 of the Alabama Code had not been adhered to and, consequently, a foreclosure sale may not be held; and, finally, that plaintiffs did not breach the terms of the promissory note and deed of trust. (Doc. 1, Exhibit A, COMPLAINT, at 2-4.) In light of these allegations, plaintiffs asserted state-law causes of action against the defendants for declaratory relief, injunctive relief, a demand for an accounting, and breach of contract. (*Id*. at 2-5.) The *ad damnum* clause of the complaint does not delineate specific monetary damages; instead, plaintiffs demand the following relief:

> 25.    That the Court issue a declaration adjudging the rights and duties of the parties hereto as follows: (a) that Defendants MERS, BofA and Deutsche have no right to conduct the trustee's sale because the trustee failed to properly follow the mandatory notice procedures; and (b) that the sum (if any) required to bring the loan current is in genuine dispute.
>
> 26.    That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining the Defendants, their agents[,] attorneys and representatives, and all persons and entities acting in concert or participation with them, from selling, attempting to sell, or causing to be sold the Property either under the power of sale clause contained in the deed of trust or by a judicial foreclosure action.
>
> 27.    That the Court order and direct that there be an accounting between Plaintiff and Defendants MERS, BofA and Deutsche determining what sum, if any, is actually due and owing from Plaintiff to Defendants MERS, BofA and Deutsche.
>
> 28.    For such other and further relief as the Court may determine to be just and proper.

(*Id*. at 5-6.)

Defendants MERS, Bank of America, N.A. ("Bank of America"), successor by merger to BAC, Countrywide, and Deutsche Bank file a notice of removal in this Court on November 1, 2011, removing this action pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1, at 1-2.) Defendants predicate federal jurisdiction on diversity pursuant to 28 U.S.C. § 1332. (*Id.* at 2.) As to the citizenship element, defendants allege that complete diversity exists because the Berrys are Alabama citizens, while defendant MERS is a Delaware corporation with its principal place of business in Virginia, defendant Bank of America is a national banking association whose articles of association designate North Carolina as the location of its main office,[1] defendant Countrywide is a New York corporation with its principal place of business in California, and defendant Deutsche Bank is a California corporation with its principal place of business in California. (*Id.* at 4-5.) With respect to the amount in controversy element, the defendants first point to allegations in the complaint and attachments to the complaint which more than satisfy the $75,000 threshold amount in controversy. (*Id.* at 5.)

> The Complaint seeks a permanent injunction barring foreclosure on the Property, preventing Defendants from recovering the amount owed on a loan with an original balance of $268,000. *See* Complaint ¶ 3. As of September 6, 2011, Plaintiffs owed $369,074.99 on the Loan. *See* Exhibit B to Complaint. Plaintiffs dispute this amount, claiming they owe $304,299.20.

---

[1] *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318, 126 S.Ct. 941, 952, 163 L.Ed.2d 797 (2006) ("Reading [28 U.S.C.] § 1348 in this context, one would sensibly 'locate' a national bank for the very same purpose, *i.e.,* qualification for diversity jurisdiction, in the State designated in its articles of association as its main office.").

(*Id*.) In addition, the removing defendants attached to their notice of removal records maintained by the Baldwin County Revenue Commissioner reflecting that the property at 448 Clubhouse Drive in Fairhope, Alabama has an appraised and assessed value, for the 2011 tax year, of $332,600. (*See* Doc. 1, Exhibit B.)

In their motion to remand, filed December 12, 2011, plaintiffs request that this action be remanded to the Circuit Court of Baldwin County, Alabama, on the following theories: (1) the "affirmative action" of the Berrys, that is, their complaint, is actually "in the nature of a counterclaim" under Alabama law, such that the removing parties should be viewed not as defendants but as plaintiffs who could not properly remove this action to federal court; (2) because the Circuit Court of Baldwin County has already taken jurisdiction of this *in rem* action, and the defendants have submitted to the jurisdiction of that state court through the terms of the mortgage and their actions, federal jurisdiction is negated; and (3) defendants have failed to prove by a preponderance of the evidence that the amount in controversy has been met. (*See* Doc. 11, at 3-7.)[2]

Defendants filed their response in opposition on January 5, 2012 (Doc. 19) and although plaintiffs were extended the opportunity to file a reply by January 12, 2012 (Doc. 13), no reply was filed (*see* Docket Sheet). Therefore, this case is ripe for a decision by the Court.

---

[2] Plaintiffs also assert, in passing, that this action is not subject to federal question jurisdiction. (Doc. 11, at 7.) This assertion is correct and no one makes any arguments to the contrary. The sole issue before this Court is whether it may exercise diversity jurisdiction in this matter. (*Compare* Doc. 11 *with* Docs. 1 & 19.)

## CONCLUSIONS OF LAW

**A.      Jurisdiction in General.**

There can be no doubt but that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]"   (internal citations omitted)). Moreover, the removing defendants must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . .

5

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

As alluded to earlier, where, as here, jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332 (*see* Doc. 1, at ¶ 5 ("This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 . . . . The requirements for diversity jurisdiction are met in this case, as the properly named parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.")),[3] the removing defendants bear the burden of establishing complete diversity of citizenship, that is, that the plaintiffs are diverse from all the defendants, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

### B.  Whether Complete Diversity of Citizenship Exists.

---

[3]  Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

In this case, plaintiffs do not dispute that the parties are of diverse citizenship. (*See* Doc. 11, at 2 & 7 (disputing only the amount in controversy).) "Therefore, the only jurisdictional issue concerns whether the amount in controversy requirement has been satisfied." *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).[4]

### C.   Amount in Controversy.

This action was removed from the Circuit Court of Baldwin County, Alabama in accordance with the first paragraph of 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"), the complaint

---

[4] Prior to addressing whether the amount in controversy requirement has been met in this case, the undersigned would note that this Court has previously addressed and rejected the identical "counterclaim" and "*in rem*" arguments the plaintiffs make in this case. *See Carstarphen v. Deutsche Bank National Trust Co.,* CA 08-0511-WS-M, Doc. 34, at 4-10. The undersigned adopts and incorporates by reference Judge Steele's analysis of these issues in this report and recommendation, *see id.*, and similarly finds no merit to the plaintiffs' argument that the complaint they filed in the Circuit Court of Baldwin County, Alabama on September 27, 2011, is in the nature of a counterclaim or their "assertion that remand of this action is warranted by virtue of the state court's assumption of jurisdiction over the subject real property antecedent to removal." *Id.* at 6 & 9-10; *compare id. with Carstarphen v. Deutsche Bank Nat'l Trust Co.,* 2009 WL 1537861, *1 (S.D. Ala. Jun. 1, 2009) ("In her [] Motion to Remand [] plaintiff argued that her Complaint was actually in the nature of a counterclaim, thereby depriving defendants of any right of removal; that this action is brought *in rem*, thereby negating federal jurisdiction; and that Deutsche Bank had submitted to jurisdiction in Clarke County via its business dealings there. . . . The bulk of the briefing on the Motion to Remand focused on these arguments, all of which the Court found to be meritless in an Order (doc. 34) entered on April 17, 2009, denying such Motion. Plaintiff has not contested or sought reconsideration of the disposition of any of the foregoing bases for seeking remand."); *see Mapp v. Deutsche Bank Nat'l Trust Co.,* 2009 WL 435069, *2 (M.D. Ala. Feb. 18, 2009) (deeming plaintiff's reliance on *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605 (1943) for the proposition that the state court's assumption of jurisdiction prevented removal to be misplaced since "there are not two overlapping proceedings, and *Princess Lida* is inapplicable"), *motion to certify appeal granted but reconsideration denied,* 2009 WL 3664118 (M.D. Ala. Oct. 28, 2009).

having been filed on September 27, 2011 (Doc. 1, Exhibit A, COMPLAINT, at 1) and the defendants having been served on either October 3, 2011 (Deutsche Bank and Countrywide), October 4, 2011 (MERS), or October 5, 2011 (Bank of America). (*See* Doc. 1, ¶ 9.) The first paragraph of § 1446(b) does not "restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010); *see also id.* at 759 (a removing defendant can offer its "own affidavits or other evidence to establish federal removal jurisdiction[,]"); *id.* at 755 & 756 ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation-provided of course that removal is procedurally proper. . . . The other circuit courts of appeal that have addressed the issue agree with our circuit law that defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal. . . . No court of appeals decision we could find holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can."); *id.* at 761 ("*Lowery's* 'receipt from the plaintiff' rule has no application to cases, like this one, which are removed under the *first* paragraph of § 1446(b)."). Moreover, "*Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible," *id.* at 753; *see also id.* ("A different question is presented [] when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged

8

by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing."); *id.* at 770 ("It is true that '[n]othing in *Lowery* says a district court must suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount.' . . . And viewing facts through the lens of common sense is not star gazing."), and "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754; *see also id.* ("The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions then we all do in everyday life."). In this regard, the removing defendants attached to their notice of removal records maintained by the Baldwin County Revenue Commissioner reflecting that the property at 448 Clubhouse Drive in Fairhope, Alabama has an appraised and assessed value, for the 2011 tax year, of $332,600. (*See* Doc. 1, Exhibit B.)

When declaratory and injunctive relief is sought, as here, "'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218 (11th Cir. 1997), quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). Stated differently, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir.), *cert. denied,* 531 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000); *see also*

*Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) ("'[T]he value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'"). Clearly, therefore, the value of the object of the litigation is measured solely from the plaintiffs' perspective, not the defendants' perspective. *See Ericsson GE Mobile Communications, Inc., supra,* 120 F.3d at 219-220.

In this case, therefore, the undersigned must determine the value to the Berrys of enjoining the foreclosure of their home, as they indisputably demand in their complaint, among other things, a "permanent injunction restraining the Defendants . . . from selling, attempting to sell, or causing to be sold the Property [at 448 Clubhouse Drive, Fairhope, Alabama] either under the power of sale clause contained in the deed of trust or by a judicial foreclosure action." (Doc. 1, Exhibit A, COMPLAINT, at 6.)  The undersigned agrees with those cases which have indicated that since foreclosure would require the homeowners to forfeit not only their right to peacefully possess and enjoy their home but, as well, their title to the house, "'[i]n monetary terms, these benefits, objects, and rights are best measured by the value of the home itself.'"[5] *Blake v. Bank of America, N.A.*, 2011 WL 2650849, *3 (M.D. Ala. July 6, 2011), quoting *Mapp v. Deutsche Bank Nat'l Trust Co.,* 2009 WL 3664118, *4 (M.D. Ala. Oct. 28, 2009); *see also Brown v.*

---

[5] As noted in *Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118 (M.D. Ala. Oct. 28, 2009), federal courts in Alabama "have taken one of four approaches to establish the amount in controversy in claims involving wrongful foreclosure: either (1) the value of the property; (2) the amount of the mortgage (*i.e.,* the balance due on the promissory note secured by the mortgage); (3) the value of a temporary delay of a foreclosure; or (4) a plaintiff's equity in the real estate subject to foreclosure." *Id*. at *1 (citations omitted). As explained herein, the undersigned agrees with *Mapp* that the best approach to establishing the amount in controversy in claims involving wrongful foreclosure is the value of the property.

*Citimortgage, Inc.,* 2011 WL 1059206, *3 (S.D. Ala. Mar. 4, 2011) ("'In sum, it is the value of the property that feeds the foreclosure formula.' . . . Since 'the enjoinder of a foreclosure sale prohibits a transaction involving the whole value of the property[]', then '[t]he most appropriate way to measure the value of the rights at stake when a foreclosure is at issue is the value of the property itself.' . . . The benefit flowing to the Plaintiffs of a permanent injunction on foreclosure of their property would be a halt of the sale of the property worth a certain amount of money. The Notice of Removal included a copy of the Notice of Ad Valorem Taxes and Non-Ad Valorem Assessment which shows that the fair market value was $144,800 for the tax year of 2010 . . . . Therefore, at the time of removal, the value price of the Plaintiff's (sic) property at $144,800 satisfies the amount in controversy minimum for the Court to have subject matter jurisdiction over this action."), *report & recommendation adopted,* 2011 WL 1059172 (S.D. Ala. Mar. 23, 2011); *see Bourgeois v. Wells Fargo Bank, N.A.,* 2011 WL 836677, *5 (S.D. Ala. Feb. 16, 2011) ("From plaintiff's perspective, as to which the value of the injunctive and declaratory relief must be measured, the declarations sought by the plaintiff in this case would vest plaintiff with the right to retain ownership of and title to her home, as well as the right to peacefully possess and enjoy her home, while making reduced payments which would not exceed the original debt of $452,000.00, and thus would not entail additional financing of $77,000.00. Accordingly, the undersigned finds that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court."), *report & recommendation adopted*, 2011 WL 855398 (S.D. Ala. Mar. 9, 2011).

In this case, as established by the defendants' attachment to the removal petition (Doc. 1, Exhibit B), the assessed and appraised value of the property at 448 Clubhouse Drive, Fairhope, Alabama, that is, the Berrys' home, for tax year 2011, was $332,600.00.[6] Because this amount is well in excess of the jurisdictional threshold of $75,000.00, the removing defendants have satisfied their burden of demonstrating the amount in controversy by a preponderance of the evidence.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that plaintiff's motion to remand (Doc. 11) be **DENIED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 15th day of March, 2012.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The undersigned would also note that the plaintiffs, in their complaint, admit that in 2006 they borrowed the sum of $268,000.00 to purchase the property at 448 Clubhouse Drive, Fairhope, Alabama (Doc. 1, Exhibit A, COMPLAINT, at ¶¶ 1 & 3) and, further, that $304,299.20 is owed by them "under the terms of the promissory note and deed of trust." (*Id.* at ¶ 9.) Both of these sums also, obviously, exceed the jurisdictional threshold. Thus, based upon the face of the plaintiffs' complaint, it is readily deducible that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.	*Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.	*Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7]	Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).